UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| KENNETH PETERSON and RICHARD KIMBLE,<br><br>         Plaintiffs,<br><br>  v.<br><br>AGRI STATS, INC., JBS USA FOOD COMPANY HOLDINGS, TYSON FOODS, INC., CARGILL, INC., and NATIONAL BEEF PACKING COMPANY,<br><br>         Defendants. | Case No. 19-cv-1129-JRT-HB<br><br>FIRST JOINT STATUS REPORT |

On June 7, 2019, the parties submitted a joint Amended Stipulation Regarding Case Deadlines (ECF No. 42), which this Court approved (ECF No. 46). Pursuant to that stipulation and order, the parties agreed that they would file a joint status report setting forth their respective views on preliminary case management issues including consolidation, the filing of any amended or consolidated complaint and any responses thereto. Pursuant to the stipulation and this Court's order, the parties hereby submit this Joint Status Report.

### A.     Consolidation

Joint Position: The parties discussed whether this case should be consolidated with other cases pending before this court: (1) *Ranchers Cattlemen Action Legal Fund United Stockgrowers of America et al. v. Tyson Foods, Inc. et al.*, No. 0:19-cv-01222-JRT-HB (D. Minn.); (2) *Michael Sevy v. Tyson Foods, Inc. et al.*, No. 0:19-cv-01243-JRT-HB (D. Minn.); and (3) *Douglas Wright et al. v. Tyson Foods, Inc. et al.*, No. 0:19-cv-01350-JRT-HB (D. Minn.) (hereafter, "the Cattle Actions"). The parties do not seek consolidation at this time and agree to defer the resolution of this issue until a later time, with all rights reserved.

### B.     Amended Complaint

Joint Position: Plaintiffs agree to file an Amended Complaint no later than July 15, 2019.

**C.   Motions to Dismiss**

The parties have had initial discussions regarding the length of briefs supporting motions to dismiss the amended complaint and the briefing schedule for those motions. The parties are continuing to discuss these issues, but the current positions are as follows:

1. <u>Joint Position Regarding Briefing Schedule</u>

The parties propose the following briefing schedule (which coincides with that in the *Cattle Actions*):

| | |
|---|---|
| *Defendants' Opening Briefs*: | Due 60 days after the filing of the amended complaint |
| *Plaintiffs' Opposition Briefs:* | Due 60 days after the filing of the opening briefs |
| *Defendants' Reply Briefs:* | Due 30 days after the filing of the opposition briefs |

2. <u>Joint Position Regarding Lengths of Briefs for Motions to Dismiss</u>

The parties agree the below word counts are reasonable and appropriate for defendants' joint motion to dismiss and reply and plaintiffs' opposition:

| | |
|---|---|
| *Defendants' joint opening brief and reply brief*: | 42,000 words total |
| *Plaintiffs' joint opposition brief:* | 42,000 words |

At this time the parties have not reached an agreement on the appropriate length for defendants' individual briefs submitted in support of any motion to dismiss.

<u>Plaintiffs' Position:</u> Plaintiffs propose 3,000 words total for any individual Defendant's opening and reply briefs, which is the same word count that was used in *In*

*re Pork Antitrust Litigation*, Case No. 18-cv-01776. Plaintiffs have done a good faith investigation for their allegations in the original complaint, including the allegations regarding Agri Stats, and are continuing to further investigate the allegations. Plaintiffs will directly communicate with Agri Stats regarding the facts in the Complaint. Regardless, Plaintiffs continue to think that the same briefing word counts that were used in the *Pork* litigation should apply here.

Defendants' Position:  Defendants proposed 7,500 words to address the issues and allegations that are specific to each Defendant.  But in light of the fact that Plaintiffs have not yet filed an Amended Complaint, Defendants believe it is premature to decide this issue and propose that the parties resume discussions on this particular issue shortly after the Amended Complaint is filed.  In addition to the need for each of the individual Defendants to address issues relevant to each Defendant's operations and practices, the current complaint contains specific allegations regarding Agri Stats that are simply false.  Agri Stats has raised this issue with the Plaintiffs, and Plaintiffs have indicated that they will be filing an Amended Complaint.  Given that Defendants cannot evaluate how much space they will need until they see how Plaintiffs address the problems with the allegations in their Amended Complaint, Defendants' proposal to defer this issue makes sense.

**D.     Discovery**

    1.     Joint Position re Coordination with the Cattle *Actions*.

Defendants agree that discovery in the *Cattle Actions* and *Peterson* should be coordinated to the extent appropriate and practicable so as to avoid duplication,

inefficiency, and inconvenience to the Court, the parties, counsel and witnesses. Plaintiffs are open to discussing coordinated discovery and the parties will continue to discuss the appropriate extent of coordination between these two cases.

    2.    <u>Stay of Discovery</u>

The parties have discussed the extent of any stay of discovery prior to the Court's ruling on any motion to dismiss. The following sets forth the areas of agreement and the areas where the parties have not yet reached agreement.

    i.    <u>Joint Position re ESI and Protective Order.</u> The parties agree during the pendency of motions to dismiss to start negotiations on a Protective Order and Electronically Stored Information (ESI) Protocol to govern any future discovery.

    ii.    <u>Joint Position re Preservation Cut-off Date.</u> The parties agree that the relevant preservation cutoff date that should apply to this case is the date the complaint was first filed (April 26, 2019).

    iii.    <u>Positions re Extent of Discovery Prior to Court's Ruling on Motion to Dismiss.</u>

<u>Plaintiffs' Position:</u> Plaintiffs propose that the Court allow discovery to the same extent as conducted in *In re Pork Antitrust Litigation*, No. 18-cv-01776, including the exchange of initial disclosures, requests for document production, and negotiations over document custodians. The cases involve similar substantive issues, three of the five defendants are also defendants in that litigation, and many of the same counsel represent parties in both sets of litigation. Plaintiffs think that the limited discovery that occurred in

-4-

the *Pork* litigation has allowed the parties to efficiently and expeditiously proceed with the case while the motions to dismiss were pending. This has ensured that discovery can proceed without undue delay once the motions to dismiss are decided. Therefore, the same limited discovery that has worked in *Pork* should be implemented here.

Defendants' Position:  Defendants believe that the complaint here raises unique issues that make dismissal likely, including, as noted in Section C.2., that specific key allegations about Agri Stats are objectively false.  Because much of the complaint against all parties turns on demonstrably erroneous assertions, simply setting the parties on the course adopted in *In re Pork* is premature.  Moreover, Plaintiffs have offered no reason to adopt the *In re Pork* approach here.  However, Defendants agree that some limited discovery steps may be appropriate to ensure that, in the event the motions to dismiss are denied, discovery can proceed without unnecessary delay.  Thus, Defendants will continue to meet and confer with Plaintiffs and negotiate a proposed scope of discovery, in addition to negotiations regarding ESI Protocols and an appropriate protective order, that could proceed during pendency of the motions to dismiss.

### E. Future Updates

The parties will submit a Joint Status Report advising the Court regarding any agreements they may reach or their respective positions related to other disputed discovery-related matters 60 days after the Plaintiffs file their Amended Complaint.

-6-

Respectfully submitted**:**

Dated:  June 28, 2019

*/s/ Steve W. Berman*
Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone: (206) 623-7292
steve@hbsslaw.com

Shana E. Scarlett (*pro hac vice*)
Rio S. Pierce (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
shanas@hbsslaw.com
riop@hbsslaw.com

W. Joseph Bruckner (MN #0147758)
Elizabeth R. Odette (MN #0340698)
Brian D. Clark (MN #0390069)
Arielle S. Wagner (MN #0398332)
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN  55401
Telephone: (612) 339-6900
wjbruckner@locklaw.com
erodette@locklaw.com
bdclark@locklaw.com
aswagner@locklaw.com

Karl L. Cambronne (MN #14321)
Bryan L. Bleichner (MN #0326689)
Jeffrey D. Bores (MN #227699)
17 Washington Avenue North, Suite 300
Minneapolis, MN 55401
Telephone: (612) 339-7300
kcambronne@chestnutcambronne.com
bbleichner@chestnutcambronne.com
jbores@chestnutcambronne.com

*Counsel for Plaintiffs Kenneth Peterson and Richard Kimble*


 */s/ Justin W. Bernick*
Justin W. Bernick
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, D.C. 20004
Telephone: (202) 637-5485
justin.bernick@hoganlovells.com

*Counsel for Defendant AGRI STATS, INC.*


*/s/ Jessica J. Nelson*
Donald G. Heeman (MN #0286023)
Jessica J. Nelson (MN #0347358)
Randi J. Winter (MN #0391354)
SPENCER FANE LLP
150 South Fifth Street, Suite 1900
Minneapolis, MN 55402
Telephone: (612) 268-7000
dheeman@spencerfane.com
jnelson@spencerfane.com
rwinter@spencerfane.com

-7-

Stephen Neuwirth (*pro hac vice*)
Sami H. Rashid (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY  10010
Telephone: (212) 849 7000
stephenneuwirth@quinnemanuel.com
samirashid@quinnemanuel.com

Ethan Glass (MN #316490)
QUINN EMANUEL URQUHART &
SULLIVAN LLP
1300 I Street NW Suite 900
Washington, D.C. 20005
Telephone: (202) 538-8265
ethanglass@quinnemanuel.com

*Counsel for Defendant JBS USA Food Company Holdings*


 /s/ David P. Graham
David P. Graham (MN #0185462)
DYKEMA GOSSETT PLLC
4000 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402
Telephone: (612) 486-1521
dgraham@dykema.com

Susan E. Foster (*pro hac vice*)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone: (206) 359-8846
SFoster@perkinscoie.com

Jon B. Jacobs (*pro hac vice*)
Jeremy C. Keeney (*pro hac vice*)
PERKINS COIE LLP
700 13th Street, N.W., Suite 700
Washington, DC  20005
Telephone: (202) 654-1758
JBJacobs@perkinscoie.com
JKeeney@perkinscoie.com

*Counsel for Defendant Tyson Foods, Inc.*


 /s/ Mark W. Ryan
Mark W. Ryan (*pro hac vice*)
Michael E. Lackey, Jr. (*pro hac vice*)
MAYER BROWN LLP
1999 K Street, NW
Washington, DC  20006-1101
Telephone: (202) 263-3338
mryan@mayerbrown.com
mlackey@mayerbrown.com

Katheryn N. Hibbard (MN #0387155)
X Kevin Zhao (MN #0391302)
GREENE ESPEL PLLP
222 S. 9th Street, Suite 2200
Minneapolis, MN  55402
Telephone: (612) 373-0929
khibbard@greeneespel.com
kzhao@greeneespel.com

*Counsel for Defendant Cargill, Inc.*


 /s/ Andrew M. Luger
Andrew M. Luger (MN #0189261)
Benjamin L. Ellison (MN #0392777)
JONES DAY
90 South Seventh Street, Suite 4950
Minneapolis, MN  55402
Telephone: (612) 217-8800
aluger@jonesday.com
bellison@jonesday.com

-9-

Julia E. McEvoy (*pro hac vice*)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone: (202) 879-3867
jmcevoy@jonesday.com

Paula W. Render (*pro hac vice*)
JONES DAY
77 West Wacker, Suite 3500
Chicago, IL  60601-1692
Telephone: (312) 269-1555
prender@jonesday.com

*Counsel for Defendant National Beef Packing Company*

-10-