## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| KENNETH PETERSON, et al. | Case No. 0:19-cv-01129-JRT-HB |
| Plaintiffs, | **MEMORANDUM IN SUPPORT OF CONSUMER INDIRECT PURCHASER PLAINTIFFS' MOTION TO APPOINT INTERIM CO-LEAD CLASS COUNSEL** |
| v. | |
| JBS USA FOOD COMPANY HOLDINGS, TYSON FOODS, INC., CARGILL, INC., and NATIONAL BEEF PACKING COMPANY, | |
| Defendants. | |

To preserve time and resources and ensure the effective prosecution of this litigation, Consumer Indirect Purchaser Plaintiffs ("Consumer IPPs") respectfully request that the Court appoint the law firms of Lockridge Grindal Nauen P.L.L.P. ("LGN") and Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as interim co-lead class counsel for Consumer IPPs and the Consumer IPP class.[1]

## I.      INTRODUCTION

Fed. R. Civ. P. 23(g)(3) permits a court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Designating interim class counsel is essential because it "clarifies responsibility for

---

[1] This motion for appointment of lead counsel pertains only to the Consumer Indirect Purchaser Plaintiff action. It does not pertain to the consolidated Cattle Actions identified in the Court's July 10, 2019 Case Management Order in *In re Cattle Antitrust Litigation*, No. 19-cv-1222-JRT-HB [ECF No. 88].

protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual for Complex Litigation (Fourth) ("Manual") § 21.11, at 246-47 (2004).

This complex litigation comprises the Consumer IPP antitrust class action and the related consolidated Cattle Actions.[2] This Court should appoint interim co-lead counsel for the Consumer IPPs. Doing so will allow counsel to coordinate discovery, depositions, and motion practice, employ experts, meet deadlines, and otherwise efficiently prosecute this litigation.

LGN and Hagens Berman are eminently qualified to be interim co-lead counsel in this case. Each has a solid record of experience, knowledge, and commitment of resources to similar litigation, including some of the largest and most complex antitrust class action lawsuits in recent years. LGN and Hagens Berman work together as part of the leadership teams for different classes in *In re Pork Antitrust Litigation*, Case No. 1:18-cv-01776 (D. Minn.), in which LGN and Hagens Berman were appointed co-lead counsel for the Direct Purchaser Plaintiffs and Consumer IPPs, respectively, based on their qualifications, reputation, and the other factors outlined in Fed. R. Civ. P. 23(g)(1)(A).[3] LGN and Hagens Berman also serve as plaintiffs' co-lead counsel in *In re Broiler Chicken Antitrust Litig.*,

---

[2] *See id.*

[3] *See* Order, *In re Pork Antitrust Litig.*, Case No. 1:18-cv-01776 (D. Minn. October 15, 2018) [ECF No. 149]; Order *In re Pork Antitrust Litig.*, Case No. 1:18-cv-01776 (D. Minn. October 15, 2018) [ECF No. 151].

Case No. 1:16-cv-08637 (N.D. Ill.).[4] Our firms were the first to investigate the facts giving rise to the *Pork* and *Broiler Chicken* cases, which led to Plaintiffs' investigation of similar conduct in the beef industry.

As in *Pork*, *Broiler Chicken*, and many other cases, LGN and Hagens Berman have dedicated significant time and resources to this case, and will continue to do so. They filed the first indirect purchaser antitrust case in these actions, *Peterson v. Agri Stats, Inc., et al.*, Case No. 0:19-cv-01129 (D. Minn.), on April 26, 2019. Since then, they have met with all known plaintiffs' and defense counsel for all pending actions to coordinate pretrial matters, and took the lead on drafting the Consumer IPP Consolidated Amended Complaint, thus demonstrating their commitment to organize the case, advance the litigation, and work effectively with other parties and counsel. As a result, LGN and Hagens Berman respectfully submit that they should be appointed Consumer IPP interim co-lead counsel.

## II.     BACKGROUND

Consumer IPPs allege that Defendants conspired to fix and maintain prices in the beef market in violation of the federal antitrust laws. *See* Declaration of W. Joseph Bruckner in Support of Consumer Indirect Purchaser Plaintiffs' Motion to Appoint Interim Co-Lead Class Counsel ("Bruckner Decl."), ¶¶ 4-5. As Consumer IPPs allege, Defendants

---

[4] *See* Order, *In re Broiler Chicken Antitrust Litig.*, Case No. 1:16-cv-08637 (N.D. Ill. October 14, 2016) [ECF No. 144]; Order, *In re Broiler Chicken Antitrust Litig.*, Case No. 1:16-cv-08637 (N.D. Ill. December 14, 2016) [ECF No. 248].

in the beef industry modeled their collusive scheme on similar conduct in the Pork and Broiler Chicken industries.

Peterson, one of the plaintiffs represented by LGN and Hagens Berman, is an indirect purchaser of beef, and filed the first Consumer IPP antitrust class action against the nation's largest beef producers. *Peterson v. Agri Stats, Inc., et al.*, Case No. 0:19-cv-01129 (D. Minn.), on April 26, 2019. Peterson and the other Consumer IPPs brought their claim on behalf of all persons and entities who indirectly purchased beef from defendants or co-conspirators for personal use in the United States during the Class Period. Peterson and the other Consumer IPPs allege that Defendants colluded to artificially raise and maintain prices of beef sold in the United States, in violation of Section One of the Sherman Act, 15 U.S.C. § 1, and various state antitrust laws, and in so doing injured Consumer IPPs and the members of the Consumer IPP Class.

The Consumer IPP action and the consolidated Cattle Actions have been assigned to the Honorable John R. Tunheim and Magistrate Judge Hildy Bowbeer, and the Court has entered its Initial Case Management Order. *See In re Cattle Antitrust Litig.*, No. 19-cv-1222-JRT-HB (ECF No. 88). Through the work of LGN and Hagens Berman and other counsel, Plaintiffs and Defendants have coordinated on pretrial matters including the preservation of documents and devices, the filing of the Consumer IPP Amended Class Action Complaint, completion of service on the Defendants, and a schedule for Defendants' response to the consolidated amended complaints. *See, e.g.*, First Joint Status Report (ECF No. 50).

### III.    ARGUMENT

**A.    Standards for Appointing Interim Co-Lead Class Counsel.**

Federal Rule of Civil Procedure 23(g)(3) allows the court to designate "interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."  Fed. R. Civ. P. 23(g)(3); *see also Adedipe v. U.S. Bank, Nat'l Ass'n*, No. 13-2687 JNE/JJK, 2014 WL 835174, at *3 (D. Minn. Mar. 4, 2014).  Appointing interim class counsel is appropriate where, as here, there are "a number of overlapping, duplicative, or competing suits" because "designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement."  Manual § 21.11, at 246-47.

Interim lead class counsel must represent the interests of the class.  Fed. R. Civ. P. 23(g)(2).  In selecting interim lead class counsel, this Court must consider: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class.  Fed. R. Civ. P. 23(g)(1)(A); *see also Adedipe*, 2014 WL 835174, at *3.  In addition to the four "must" factors in Rule 23(g)(1)(A), a court also "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class . . . ."  Fed. R. Civ. P. 23(g)(1)(B).[5]

---

[5] Though these Rule 23(g)(1) factors pertain to the selection of class counsel upon the certification of a class, courts appointing interim class counsel under Rule 23(g)(3) before

Courts have found that proposed lead counsel's experience and service as lead counsel in prior cases is particularly persuasive. *See Lusk v. Life Time Fitness, Inc.*, No. 15-1911 JRT/JJK, 2015 WL 9858177, *2 (D. Minn. July 10, 2015). Courts also look at the resources counsel expended investigating the suit before filing. *See Adedipe*, 2014 WL 835174, at *3 (D. Minn. Mar. 4, 2014) (appointing interim class counsel because they "devoted the more substantial effort toward pre-suit investigation and identification of claims" as evidenced by extensive review of thousands of pertinent documents, research of factual and legal issues commencing a year prior to suit, and earlier filing of the initial complaint). No single factor is determinative; instead, a court should appoint counsel after evaluating all relevant considerations and comparing the applicants' relative strengths. *See* Fed. R. Civ. P. 23(g)(1)(A)-(B); 7B Charles Alan Wright, et al., *Federal Practice and Procedure* § 1802.3 (3d ed. 2005).

**B.     Proposed Duties and Responsibilities for Lead Counsel.**

If appointed, LGN and Hagens Berman will execute all duties and responsibilities of lead counsel to effectively and efficiently resolve this litigation. These comport with the standards in the Manual for Complex Litigation and include presenting written and oral arguments to the court; communicating with other parties; organizing discovery requests and responses; examining deponents; delegating specific tasks to other counsel; seeing that schedules are met; and other pretrial duties to coordinate pretrial activities or as authorized by the Court. *See* Manual § 10.221.

---

a class is certified apply these same factors. *See Smith v. State Farm Mut. Auto. Ins. Co.*, 301 F.R.D. 284, 288 (N.D. Ill. 2014).

If appointed, LGN and Hagens Berman will also ensure that this matter is adjudicated in an efficient manner, including establishing a time and expense reporting protocol for all counsel, which will be contained in a letter substantially in the form attached as Exhibit D to the Bruckner Affidavit. As described in greater detail in the draft letter, the protocol proposes that time and expenses be reported on a monthly basis, in tenths of an hour, by task. LGN and Hagens Berman submit the draft letter for the Court's review and approval, and we welcome the Court's input and direction.

**C.  LGN and Hagens Berman Have Expended Significant Time and Resources to Investigate Plaintiffs' Claims and Advance This Litigation.**

LGN and Hagens Berman have already taken significant steps to identify and investigate Plaintiffs' claims and to advance this litigation. *See* Fed. R. Civ. P. 23(g)(1)(A)(i). One factor a court may consider is whether an attorney has undertaken "the process of drafting the complaint [which] requires investigatory and analytical effort.'" Moore's Federal Practice § 23.120[3][a] (2007); *see also Adedipe*, 2014 WL 835174, at *3 (appointing as interim lead counsel the firms that had filed the first class action complaints and had performed the most work in identifying and investigating potential claims). LGN and Hagens Berman have done just that.

The depth and detail of the allegations in the *Peterson* complaint are one indication of LGN and Hagens Berman's efforts. They commenced the related *Pork* and *Broiler Chicken* investigations, and work together as part of the leadership teams for different classes in the *Pork* and *Broiler Chicken* action. LGN and Hagens Berman also extensively investigated the beef market, the individual Defendants, and the facts alleged in the

complaints. This includes analyses of articles, research reports, SEC filings, conference calls, and investor presentations concerning the beef market and the individual Defendants. Bruckner Decl., ¶¶ 7-9; *see also* Declaration of Steve W. Berman in Support of Consumer Indirect Purchaser Plaintiffs' Motion to Appoint Interim Co-Lead Class Counsel ("Berman Decl."), ¶¶ 2-5.

LGN and Hagens Berman have also retained expert consultants who analyzed the beef market and the economics of the industry. Their investigation, done without any prior or parallel investigation by the U.S. Department of Justice or any other government competition authority, led to the filing of the *Peterson* complaint, the first-filed case of the indirect purchaser actions. Bruckner Decl., ¶¶ 9-10; Berman Decl., ¶ 4.

This work did not stop upon the filing of the initial *Peterson* action. During the next several weeks LGN and Hagens Berman prepared the Consumer IPP Amended Class Action Complaint filed on July 15, 2019. *See* ECF No. 53.

LGN and Hagens Berman have also coordinated with other Cattle Action counsel to pursue this investigation and manage this case. They also have coordinated on pretrial matters including the preservation of documents and devices, completion of service on the Defendants, and the timing of Defendants' response to the consolidated amended complaints. If appointed Consumer IPPs' co-lead counsel, LGN and Hagens Berman will continue to coordinate with Cattle Action counsel to efficiently and effectively litigate these cases. Bruckner Decl., ¶¶ 11-14; Berman Decl., ¶ 6.

**D.     LGN and Hagens Berman Have Extensive Experience in Class Actions and in Antitrust Litigation, and Know the Applicable Law.**

In addition to the *Pork* and *Broiler Chicken* actions, LGN and Hagens Berman have extensive experience prosecuting antitrust class actions and other complex litigation and have demonstrated their deep knowledge of antitrust and other applicable law.  *See* Fed. R. Civ. P. 23(g)(1)(A)(ii) and (iii).  Below is a summary of their experience.

**1.     Lockridge Grindal Nauen P.L.L.P.**

Lockridge Grindal Nauen is a 40-attorney firm with offices in Minneapolis, Washington, D.C., and Fargo, North Dakota.  LGN has specialized in antitrust and other federal civil litigation for 40 years.  Bruckner Decl., ¶ 15.  Joseph Bruckner, Brian Clark, Elizabeth Odette, Arielle Wagner, and the firm's other attorneys have prosecuted major cases and class actions involving price-fixing, industry cartels, predatory pricing, price discrimination, and other antitrust cases in courts nationwide.  *Id.* ¶¶ 16-23.  In just the last decade, LGN and its colleagues have recovered billions of dollars for their clients and class members in national and international antitrust cases.  *Id.* ¶ 15.  While relevant experience and qualifications are noted in detail in the Firm Resume in Exhibits A and B to the Bruckner Affidavit, below is a description of some of the key attorneys working on this case.

**a)     W. Joseph Bruckner**

Mr. Bruckner, a senior partner at LGN, is personally committed to prosecuting this case and will devote himself to its leadership.  *Id.* ¶ 3.  Mr. Bruckner leads LGN's antitrust law practice, and practices extensively in antitrust litigation in federal and state courts

nationwide. He has 30 years of experience representing plaintiffs in antitrust class actions and other complex litigation nationwide. *Id.* ¶ 24. He is a past chair of the Antitrust Law Section of the Minnesota State Bar Association, and also serves on the Board of Directors of the American Antitrust Institute, an independent, nonprofit organization devoted to promoting competition that protects consumers, businesses, and society. *Id.* ¶ 24. In addition to its research, education, and advocacy on the benefits of competition, the AAI grants annual antitrust enforcement awards recognizing outstanding achievement in antitrust litigation to individuals or teams in private practice, young lawyers, and economists.[6]

In addition to the *Pork* and *Broiler Chicken* actions mentioned above, Mr. Bruckner and LGN have led or otherwise been extensively involved in many other major antitrust cases including, for example:

- *In re Wholesale Grocery Products Antitrust Litig.*, MDL No. 2090 (D. Minn.): LGN is Midwest Plaintiffs' co-lead counsel for a certified class of Midwest retail grocery stores who brought antitrust claims against the nation's two largest grocery wholesalers. After settling with one defendant, Mr. Bruckner and Ms. Odette tried the Midwest Plaintiffs' claims against the remaining defendant to a jury verdict before Judge Montgomery. The judgment is now on appeal.

---

[6] American Antitrust Institute, Antitrust Enforcement Awards, https://www.antitrustinstitute.org/enforcement-awards.

- *In re Monosodium Glutamate Antitrust Litig.*, MDL No. 1328 (D. Minn.): LGN was plaintiffs' co-lead counsel in this nationwide antitrust class action against national and international producers of food flavor enhancers.

- *In re Cedar Shakes & Shingles Antitrust Litig.*, No. 2:19-cv-00288 (W.D. Wash.): LGN is plaintiffs' co-lead counsel for a class of end user indirect purchasers who allege that manufacturers conspired to fix and maintain prices in the cedar shakes and shingles market in violation of the federal antitrust laws.

- *In re Freight Forwarders Antitrust Litig.*, No. 08-cv-00042 (E.D.N.Y.): LGN is plaintiffs' co-lead counsel for a class of direct purchasers who allege that global freight forwarders conspired to fix, inflate, and maintain prices and surcharges for U.S. Freight Forwarding Services. To date, LGN and other co-lead counsel have recovered over $400 million for the class from twenty-nine defendant groups.

- *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litig.*, MDL No. 1720 (E.D.N.Y.): LGN serves on plaintiffs' executive committee in this nationwide antitrust class action against VISA, MasterCard, and several member banks.

- *In re Flat Glass Antitrust Litig. (II)*, MDL No. 1942, (W.D. Pa.): LGN was plaintiff's class co-lead counsel in this nationwide antitrust class action against national and international manufacturers.

- *In re Urethane Antitrust Litig. (Polyester Polyols)*, MDL No. 1616 (D. Kan.): LGN was plaintiffs' co-lead counsel in this nationwide antitrust class action against national and international manufacturers.

- *In re Pressure Sensitive Labelstock Antitrust Litig.*, MDL No. 1556 (M.D. Pa.): LGN was plaintiffs' co-lead counsel in this nationwide antitrust class action against national and international manufacturers.

Mr. Bruckner's experience and qualifications are noted in more detail in his declaration.

### b)    Elizabeth R. Odette

Ms. Odette, a partner at LGN, is personally committed to prosecuting this case and will devote herself to its leadership. Ms. Odette has extensive antitrust experience in numerous multidistrict and complex class actions throughout the country, most recently serving as trial counsel in the *In re Wholesale Grocery Products Antitrust Litig*ation, MDL No. 2090 (D. Minn.) before the Honorable Ann D. Montgomery in April 2018. *See* the Declaration of Elizabeth R. Odette in Support of Consumer Indirect Purchaser Plaintiffs' Motion to Appoint Interim Co-Lead Class Counsel, ¶ 2. Ms. Odette was named an "Up and Coming Attorney" by Minnesota Lawyer Magazine in 2013. She has been consistently named a Super Lawyers Rising Star by her peers. *Id.* ¶ 4.

In addition to *Pork* and *Broiler Chicken*, Ms. Odette and LGN have led or otherwise been extensively involved in many other major antitrust cases including, for example:

- *In re Wholesale Grocery Products Antitrust Litig.*, MDL No. 2090 (D. Minn.): LGN is Midwest Plaintiffs' co-lead counsel. In addition to

vigorously litigating this case with Mr. Bruckner, Ms. Odette served as trial counsel in the Midwest Plaintiffs' trial of the case before Judge Montgomery in April 2018.

- *In re Blood Reagents Antitrust Litig.*, No. 2:09-md-02081-JD (E.D. Pa.): Ms. Odette served in a variety of roles in this litigation, most recently preparing for trial scheduled for June 2018 that resulted in a $19.5 million settlement with remaining defendant Ortho-Clinical Diagnostics. The fairness hearing on the settlement is scheduled for October 2018.

- *In re Aredia & Zometa Prods. Liability Litig.*, No. 06-md-1760 (E.D. Tenn.): Ms. Odette actively participated on the trial team of more than a dozen bellwether trials remanded from *In re Aredia and Zometa Products Liability Litigation*, with a majority resulting in plaintiffs' verdicts. For example, in four federal trials, the juries returned verdicts for the plaintiff for $225,000, $10.45 million, $250,000 and $2.162 million respectively.

- *In re Packaged Seafood Antitrust Litig.*, No. 15-MD-2670 JLS-MDD (S.D. Cal.): Ms. Odette represents of hundreds of consumer purchasers in complex antitrust class action against producers of tuna products currently conducting discovery and briefing for class certification.

Ms. Odette's experience and qualifications are noted in her declaration.

### c)    Brian D. Clark

Mr. Clark, a partner at LGN, is personally committed to prosecuting this case and will devote himself to its leadership. Mr. Clark is a longtime member of LGN's antitrust

law group, practices extensively in antitrust litigation in federal and state courts nationwide, and leads the firm's e-discovery practice group. He advises clients of all sizes on e-discovery matters and has taught e-discovery at the University of Minnesota Law School for the past five years. Mr. Clark was named an "Up and Coming Attorney" by Minnesota Lawyer Magazine in 2015. He has been consistently named as a Super Lawyers Rising Star by his peers. *See* the Declaration of Brian D. Clark in Support of Consumer Indirect Purchaser Plaintiffs' Motion to Appoint Interim Co-Lead Class Counsel, ¶ 5.

In addition to *Pork* and *Broiler Chicken*, Mr. Clark and LGN have led or otherwise been extensively involved in many other major antitrust cases including, for example:

- *In re Cedar Shakes & Shingles Antitrust Litig.*, No. 2:19-cv-00288 (W.D. Wash.): LGN is plaintiffs' co-lead counsel for a class of end user indirect purchasers who allege that manufacturers conspired to fix and maintain prices in the cedar shakes and shingles market in violation of the federal antitrust laws.

- *Kleen Products LLC, et al. v. Int'll Paper, et al.*, No. 10-cv-05711 (N.D. Ill.): LGN is on the plaintiffs' executive committee and has had extensive involvement in this case on behalf of direct purchasers of containerboard (corrugated paper market). Mr. Clark took over 10 depositions, including the CFO and CEO of the second largest defendant.

- *In re Liquid Aluminum Sulfate Antitrust Litig.*, No. 2:16-md-02687 (D.N.J.): Mr. Clark represents 10 Minnesota municipalities and corporations regarding price-fixing and bid rigging by manufacturers of a water treatment chemical.

- *In re Resistors Antitrust Litig.*, No. 3:15-cv-03820 (N.D. Cal.): Mr. Clark represents indirect purchaser plaintiffs in the complex antitrust class action against manufacturers of resistors.

- *In re Capacitors Antitrust Litig.*, No. 3:14-cv-03264 (N.D. Cal.): Mr. Clark represents indirect purchaser plaintiffs in the complex antitrust class action against manufacturers of capacitors.

- *Miller & Graham v. Ramsey County Sheriff Matthew Bostrom & County of Ramsey*, No. 11-cv-2401 (D. Minn.): Mr. Clark represented defendants against claims of First Amendment retaliatory discharge by two former Ramsey County Sheriff's deputies, obtaining dismissal of Ramsey County and successfully defending Sheriff Bostrom in a jury trial in federal court.

Mr. Clark's experience and qualifications are noted in more detail in his declaration.

### d) Arielle Wagner

Ms. Wagner is a 2016 graduate of the University of Minnesota School of Law. In addition to the *Pork* action, she currently represents plaintiffs in a number of complex and class action matters including *In re EpiPen ERISA Litig.*, No. 0:17-1884-PAM-SER (D. Minn.); *In re Cedar Shakes & Shingles Antitrust Litig.* No. 2:19-cv-00288 (W.D. Wash.) and *In re Facebook, Inc. Consumer Privacy User Profile Litig.*, No. 1:18-md-02843-VC (N.D. Cal.). She is actively involved in the multi-layered antitrust litigation *In re Generic*

*Pharmaceuticals Pricing Antitrust Litig*., No. 16-md-2724 (E.D. Pa.) (19 separate actions filed), investigating new drugs at issue, vetting plaintiffs who purchased dozens of different generic drugs, briefing oppositions to numerous motions to dismiss, and drafting discovery. Ms. Wagner serves on the Board of Directors of the Minnesota American Indian Bar Association.

### 2. Hagens Berman Sobol Shapiro LLP

Hagens Berman is a sixty-lawyer firm, with offices in Seattle, Berkeley, Boston, Chicago, Los Angeles, New York, Phoenix, and San Diego. Since its founding in 1993, Hagens Berman has represented plaintiffs in a broad spectrum of complex, multi-party antitrust cases. Hagens Berman was named to *The National Law Journal's* Plaintiffs' Hot List in 2006, 2007 and each of the years 2009 to 2013. In 2014, The *National Law Journal* named Hagens Berman to its inaugural list of America's Elite Trial lawyers—a compilation of the nation's leading firms bringing about significant change and major plaintiffs' settlements in complex litigation. More details about Hagens Berman are included in its resume, attached as Exhibit C to the Bruckner Affidavit. The attorneys principally responsible for this litigation will include the founding and managing partner of Hagens Berman, Steve Berman, Shana Scarlett, Rio Pierce, and Breanna Van Engelen.

### a) Steve Berman

Mr. Berman, the founder and managing partner of Hagens Berman, has served as lead or co-lead counsel in antitrust, securities, consumer, product liability, and employment class actions and complex litigation throughout the country. Examples of Mr. Berman's involvement in litigation include:

- *In Re: National Collegiate Athletic Association Athletic Grant-In-Aid Cap Antitrust Litigation*, No. 4:14-md-02541-CW (N.D. Cal.): Hagens Berman is

one of the few *plaintiffs'* firms in the United States that often has taken complex civil litigation, including class actions, to trial. In September 2018, Mr. Berman served as the lead trial lawyer on behalf of student athletes, where the Court granted injunctive relief on behalf of the class following a bench trial. Hagens Berman also recovered settlements totaling $200 million on behalf of the class.

- *In re EBooks Antitrust Litigation*, Case No. 11-md-02293 (S.D.N.Y.): Mr. Berman acted as co-lead counsel on behalf of a class of purchasers of eBooks who were overcharged for the purchases due to a price-fixing conspiracy between the publishers of eBooks and Apple. This case led to recovery by consumers of $566 million—twice the estimated damages. Hagens Berman litigated this case alongside the Department of Justice and the Attorneys General of 33 states.

- *In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation*, No. 10-md-02151 (C.D. Cal.): In *Toyota*, Judge James V. Selna *sua sponte* identified Mr. Berman as a presumptive co-lead counsel. Mr. Berman secured a $1.6 billion settlement, the largest automobile class settlement in history. Consumers in Toyota received 100 percent of their losses and 2.6 million cars received a safety upgrade.

- *In re Visa Check/Mastermoney Antitrust Litig.*, No. 96-cv-05238 (E.D.N.Y.): Mr. Berman helped lead this record-breaking antitrust case against credit

card giants Visa and MasterCard, which resulted in a $3.05 billion cash settlement and injunctive relief valued at more than $20 billion.

### b)    Shana Scarlett

Ms. Scarlett is the managing partner of Hagens Berman's Berkeley office. Ms. Scarlett has played a leading role in the firm's litigation of the ongoing *Pork* and *Broiler Chicken* matters, pending respectively in this District and the Northern District of Illinois. In both cases, Hagens Berman has been appointed as lead counsel on behalf of classes of indirect purchaser plaintiffs. Ms. Scarlett has also played a critical role in the following cases:

- *In re Optical Disk Drive Antitrust Litigation*, Case No. 10-md-02143 (N.D. Cal.): Ms. Scarlett was one of the team at Hagens Berman representing the indirect purchaser class as sole lead counsel, resulting in settlements of $230 million.

- *In re Lithium Ion Batteries Antitrust Litigation*, Case No. 13-md-02420 (N.D. Cal.): Hagens Berman is co-lead counsel in this case, where $113.45 million was recovered for the indirect purchaser class. Ms. Scarlett is one of the handful of lead counsel who have negotiated the production of worldwide transactional data, custodial productions, and subpoenaed over 100 third parties for documents and data for use by expert economists.

- *In re Animation Workers Antitrust Litigation*, Case No. 14-cv-4062 (N.D. Cal.): Ms. Scarlett was one of the team at Hagens Berman who recovered nearly $169 million for the class of workers harmed through defendants'

agreement not to solicit each other's employees and coordination of compensation policies.

- *In re EBooks Antitrust Litigation*, Case No. 11-md-02293 (S.D.N.Y.): Ms. Scarlett was a member of the settlement team, along with representatives of the State Attorneys General from Connecticut, Ohio and Texas, overseeing both the notice and distribution programs in the *EBooks* litigation. Settlements resulted in compensation to consumers of $566 million—twice the damages estimated to have been suffered by the class. The *EBooks* litigation has become a model for automatic distribution and electronic notice to millions of consumers.

### c) Rio Pierce

Mr. Pierce is a 2013 graduate of Harvard Law School and associate attorney in Hagens Berman's Berkeley Office. Mr. Pierce has frequently represented classes of indirect purchasers in large *MDL*s, including representing consumers in the *Pork* and *Broiler Chicken* litigation. Additional examples include:

- *In re Qualcomm Antitrust Litigation*, Case No. 17-md-02773 (N.D. Cal.): Mr. Pierce was a member of the case team where Judge Koh certified a class of all United States consumers who had purchased cell phones from 2011 to the present. In that litigation, Mr. Pierce negotiated the production of transactional data from numerous third parties for use by expert economists. Mr. Pierce also took numerous depositions, including of key Qualcomm executives and of defendants' experts.

- *In re Optical Disk Drive Antitrust Litigation*, Case No. 10-md-02143 (N.D. Cal.): Mr. Pierce was a member of the Hagens Berman team who recovered settlements of $230 million on behalf of the indirect purchaser class. Mr. Pierce played a critical role in the development of pass-through testimony in the distribution channel, and defending plaintiffs' experts from various *Daubert* challenges.

### d)     Breanna Van Engelen

Ms. Van Engelen is a 2014 graduate of the University of Michigan Law School and associate attorney who recently joined Hagens Berman's Seattle office. At Hagens Berman, Ms. Van Engelen represents indirect purchasers in large MDLs, including in the *Pork* and *Broiler Chicken* litigation. Prior to joining Hagens Berman, Ms. Van Engelen practiced at K&L Gates, LLP, where Ms. Van Engelen gave the closing argument in trial for one of the first electronic impersonation cases ever brought in the United States. The trial resulted in an $8.9 million verdict on behalf of her two clients. In addition to her work in *Pork* and *Chicken*, Ms. Van Engelen has contributed to the following antitrust matters:

- *In re Optical Disk Drive Antitrust Litigation*, Case No. 10-md-02143 (N.D. Cal.): Ms. Van Engelen was one of the team at Hagens Berman representing the indirect purchaser class, resulting in settlements of $230 million. Ms. Van Engelen has assisted in defending the settlements against serial, professional objectors to class action settlements.

- *In re Lithium Ion Batteries Antitrust Litigation, Case No. 13-md-02420 (N.D. Cal.):* Ms. Van Engelen was part of the team at Hagens Berman is co-lead

counsel in this case, where $113.45 million was recovered for the indirect purchaser class. Ms. Van Engelen played a critical role in supporting the experts testifying in this action on behalf of indirect purchasers, as well as responding to motions to strike the testimony of plaintiffs' experts.

**E.** **LGN and Hagens Berman Have the Resources Necessary to Effectively Prosecute this Litigation.**

LGN and Hagens Berman stand ready to dedicate the resources necessary to represent and protect the interests of the putative indirect purchaser plaintiffs' class through rigorous motion practice, discovery, class certification, and trial. *See* Fed. R. Civ. P. 23(g)(1)(A)(iv). They have demonstrated their dedication and commitment in the many complex cases discussed above, including *Pork*, *Broiler Chicken*, *Freight Forwarders*, *MSG*, *Payment Card*, *ODD, Batteries, CDS*, and *TFT-LCD*. They will bring the same resources and commitment to ensure the successful prosecution of this case. Bruckner Decl., ¶¶ 16-23, 27-30.

**F.** **LGN and Hagens Berman Will Continue to Work Cooperatively with All Counsel.**

As demonstrated by their early success in achieving private ordering, LGN and Hagens Berman have an effective management style. They will coordinate with and work closely with Cattle Action counsel in this litigation. They also have a demonstrated record of accomplishment in working professionally with defense counsel, and will continue to do so. *See Baker v. Saint-Gobain Performance Plastics Corp.*, No. 1:16-CV-0220 (LEK/DJS), *et al.*, 2016 WL 4028974, at *4 (N.D.N.Y. July 27, 2016) (interim counsel's "ability to command the respect of their colleagues and work cooperatively with opposing

counsel and the court" are important considerations) (internal quotations omitted; citing Manual for Complex Litigation, § 10.224).  LGN and Hagens Berman will make every effort to prosecute this case successfully, as they have done in *Pork*, *Broiler Chicken*, and other cases.

## IV.  CONCLUSION

For these reasons, all Indirect Purchaser Plaintiffs respectfully request that the Court appoint Lockridge Grindal Nauen, P.L.L.P. and Hagens Berman Sobol Shapiro LLP, as interim co-lead class counsel, to represent the Consumer IPP Plaintiffs and the Consumer IPP class in this litigation.


Dated: July 29, 2019                         Respectfully submitted,


                                             s/ W. Joseph Bruckner
                                             W. Joseph Bruckner (MN #0147758)
                                             Elizabeth R. Odette (MN #0340698)
                                             Brian D. Clark (MN #0390069)
                                             Arielle S. Wagner (MN #0398332)
                                             LOCKRIDGE GRINDAL NAUEN P.L.L.P.
                                             100 Washington Avenue South, Suite 2200
                                             Minneapolis, MN 55401
                                             T:  (612) 339-6900
                                             F:  (612) 339-0981
                                             wjbruckner@locklaw.com
                                             erodette@locklaw.com
                                             bdclark@locklaw.com
                                             aswagner@locklaw.com

s/ Steve W. Berman
Steve W. Berman (*Pro Hac Vice*)
Breanna Van Engelen (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
breannav@hbsslaw.com

Shana E. Scarlett (*Pro Hac Vice*)
Rio S. Pierce (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com
riop@hbsslaw.com

*Proposed Interim Co-Lead Class Counsel for*
*Consumer Indirect Purchaser Plaintiffs*