# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| KENNETH PETERSON, et al.<br><br>                         Plaintiffs,<br><br>   v.<br><br>JBS USA FOOD COMPANY HOLDINGS, TYSON FOODS, INC., CARGILL, INC., and NATIONAL BEEF PACKING COMPANY,<br><br>                         Defendants. | Case No. 0:19-cv-01129-JRT-HB<br><br>**[PROPOSED] ORDER GRANTING MOTION OF CONSUMER INDIRECT PURCHASER PLAINTIFFS TO APPOINT INTERIM CO-LEAD CLASS COUNSEL** |

Now before the Court is the Motion of Consumer Indirect Purchaser Plaintiffs to Appoint Interim Co-Lead Class Counsel (ECF 55).

This motion relates to a set of antitrust cases alleging that Defendants conspired to fix and maintain prices in the beef market in violation of the federal antitrust laws.

The Court concludes that interim co-lead counsel for Consumer Indirect Purchaser Plaintiffs ("Consumer IPPs") should be appointed in order to achieve efficiency and economy in what is likely to be expensive and complicated litigation, while not jeopardizing fairness to the parties.[1]

IPPs' counsel has moved the Court to appoint the law firms of Lockridge Grindal Nauen P.L.L.P. and Hagens Berman Sobol Shapiro LLP as interim co-lead class counsel.

---

[1] This motion for appointment of lead counsel pertains only to the Indirect Purchaser Plaintiff action. It does not pertain to the consolidated Cattle Actions identified in the Court's July 10, 2019 Case Management Order in *In re Cattle Antitrust Litigation*, No. 19-cv-1222-JRT-HB [ECF No. 88].

540989.1

The Court has carefully reviewed the motion and its accompanying submissions, and has also considered the factors outlined in Rule 23(g) of the Federal Rules of Civil Procedure. The parties' submission demonstrates that Lockridge Grindal Nauen P.L.L.P. and Hagens Berman Sobol Shapiro LLP satisfy the requirements of Rule 23(g). This includes the work counsel has done in identifying or investigating potential claims in the action; counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; counsel's knowledge of the applicable law; and the resources that counsel will commit to representing the class.

**IT IS HEREBY ORDERED:**

1. For the foregoing reasons, the Motion of Consumer Indirect Purchaser Plaintiffs to Appoint Interim Co-Lead Class Counsel is granted. Lockridge Grindal Nauen P.L.L.P. and Hagens Berman Sobol Shapiro LLP are appointed interim co-lead class counsel for IPPs under Fed. R. Civ. P. 23(g) ("Consumer IPP Interim Co-Lead Counsel").

2. The duties of Consumer IPP Interim Co-Lead Counsel will include:

    a. To determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of Consumer IPPs on all matters arising from pretrial proceedings;

    b. To coordinate the initiation and conduct of discovery on behalf of Consumer IPPs consistent with the requirements of Fed. R. Civ. P. 26(b)(1), 26(b)(2), and 26(g), including the preparation of joint

> interrogatories and requests for production of documents and the examination of witnesses in depositions;

c. To conduct settlement negotiations on behalf of Consumer IPPs and any proposed Consumer IPP classes, but not enter into binding agreements except to the extent authorized by law;

d. To delegate specific tasks to other counsel in a manner to ensure that pretrial preparation is conducted efficiently and effectively;

e. To enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

f. To prepare and distribute periodic status reports to the parties;

g. To maintain adequate contemporaneous time and cost records covering services as lead counsel and collect such information from Consumer IPPs' co-counsel on at least a monthly basis. Lead counsel will provide summaries of such time and cost records for in camera review at the Court's request;

h. To monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided; and

i. To perform such other pretrial duties as may be incidental to the proper coordination of pretrial activities or authorized by further order of the Court.

3. In no event shall any document be filed, or any discovery be served, on behalf of Consumer IPPs without the approval of Consumer IPP Interim Co-Lead Counsel or leave of Court, and any such filing may be stricken.

4. To the extent consistent with their duties to the Consumer IPPs and any proposed Consumer IPP classes, co-lead class counsel for Consumer IPPs also shall coordinate with Cattle Action counsel and with counsel of other Plaintiffs as appropriate, and shall coordinate the activities of their respective Plaintiffs during pretrial proceedings.

**IT IS SO ORDERED.**

Dated: _____

HILDY BOWBEER
United States Magistrate Judge