

AMANDA**+**LAWRENCE

**+** Via ECF **+**

October 1, 2020

The Honorable Hildy Bowbeer
United States Magistrate Judge
734 Federal Building
316 N. Robert Street
St. Paul, MN  55101

> Re:   ***Peterson, et al.,*** **No. 19-cv-1129 (JRT/HB);** ***In re Cattle Antitrust Litigation,*** **No. 19-cv-1222 (JRT/HB);** ***In re DPP Beef Litigation,*** **No. 20-cv-1319 (JRT/HB); and** ***Erbert & Gerbert's, Inc.,*** **No. 20-cv-1414 (JRT/HB)**

Dear Judge Bowbeer:

On behalf of the Plaintiffs in the above actions, we respond to Defendants' request (*Cattle*, ECF No. 281) seeking suspension of the discovery obligations ordered by this Court in its April 14, September 8, and September 10, 2020 Orders (*Cattle*, ECF Nos. 196, 254, and 259). Plaintiffs do not oppose a stay of the meet and confer deadlines set forth in those orders, but do oppose Defendants' request that the limited document production ordered by the Court be delayed until after Plaintiffs file amended complaints.  As explained below, enforcing the Order requiring this modest production of highly relevant material is not only consistent with the approach taken in other cases, including that in *Pork*, but furthers the "just, speedy, and inexpensive determination" of these actions.  Fed. R. Civ. P. 1.[1]

On September 28, 2020, Judge Tunhiem's Opinion and Order dismissed the *Cattle* and *Peterson* Complaints **with leave to re-plead** (ECF No. 278) ("Opinion").  In the Opinion, Judge Tunheim recognized that "[a]llegations of direct evidence of an agreement, if sufficiently detailed, are independently adequate" to meet the concerted action

---

[1]     Had Defendants sought to meet and confer with Plaintiffs prior to communicating with the Court (as they were required to do), Plaintiffs would have communicated this proposed compromise.  Indeed, *Cattle* and *Peterson* Plaintiffs wrote to each Defendant on September 29, 2020 regarding the document productions at issue.

Honorable Hildy Bowbeer
October 1, 2020
Page 2

requirement of Section 1 of the Sherman Act.  Opinion at 11.  However, the Opinion found that Plaintiffs did not provide certain information regarding the Witnesses, such as the employer of Witness 1 or the name of the feedlot at which Witness 2 worked.[2]  Opinion at 13.  Unquestionably, Plaintiffs can (and will) add the details as to Witness 1 and 2 that the Court found lacking.  Defendants are well aware of these details, as Plaintiffs disclosed the identities of the Witnesses and, by implication, their employers in their initial disclosures.  Thus, Plaintiffs' amended pleading will provide the details sufficient to establish direct evidence of an agreement under the criteria articulated by Judge Tunheim in his Opinion.

The Opinion also asked that Plaintiffs provide Defendant-specific information as to their activity in the market.  As noted during the September 4, 2020 hearing, Defendants' productions in response to the June 2020 Department of Justice Civil Investigative Demands consists, at least in part, of transaction data relating to Defendants' fed cattle purchases and live cattle futures transactions during the Class Period.  September 4, 2020 Hearing Transcript at 20:10-12, 42:12-43:13.  Such transaction data, along with the other materials produced to the DOJ, will assist Plaintiffs in including the defendant-by-defendant detail that Judge Tunheim found missing from the parallel conduct allegations.  Indeed, in ordering the limited production of documents, this Court expressly contemplated the possibility that dismissal with leave to replead would be ordered by Judge Tunheim.  *See* September 4, 2020 Hearing Transcript at 36:4-14.  ("[Judge Tunheim] may very well, as he did in *In re Pork*, grant leave to replead and . . . these documents could be of material assistance to the plaintiffs in dealing with and taking advantage of that opportunity.").  Although the existing Complaints have been dismissed, the Opinion provides a clear roadmap to curing the deficiencies through amendment.  It is well within this Court's discretion to allow the limited, non-burdensome discovery that it has already ordered to continue pending the filing of the amended complaints.   *See Raymond v. Sloan*, No. CIV. 1:13-423 WBS, 2014 WL 4215378, at *7 (D. Idaho Aug. 25, 2014) (after granting defendant's motion to dismiss with leave to amend, the court denied the defendant's motion to stay discovery).   Indeed, as previously discussed, Courts routinely permit expedited discovery of government productions in antitrust cases where motions to dismiss have yet to be resolved.  *See, e.g., In re Broiler Chicken Antitrust Litig*., No. 1:16-cv-08637, 2017 WL 4417447, at *3-4 (N.D. Ill. Sep. 28, 2017) (court ordered production of documents already produced to the Florida Attorney General before resolution of any motions to dismiss).

---

[2]      The Court also stated that the "queuing convention" alleged by Witness 2, could be viewed as "a concerted refusal to deal, which is itself a violation of the Sherman Act," thus rejecting a key argument made in Defendants' dismissal motions that the described conduct is "not anticompetitive" and merely "standard contract principles of offer and acceptance" (ECF No. 140 at 3 and 29).  *See* Opinion at 13-14.

Honorable Hildy Bowbeer
October 1, 2020
Page 3

Defendants nonetheless rely heavily on *In re Pork Antitrust Litig.*, 18-cv-1776 (JRT/HB) ("*In re Pork*"), ECF No. 367, but this case differs from *Pork* on both the deficiencies identified in the dismissal opinion and the procedural posture of the ordered discovery. To begin with, in *Pork*, Defendants ***had already produced*** all of the documents that this Court ordered (namely, Agri-Stats' prior DOJ production) at the time of the dismissal opinion. The only deadlines and dates suspended by the stay there were the meet and confer deadlines and the Court's status conference (which Plaintiffs here also agree to suspend). Here, by contrast, the document productions this Court ordered on September 10, 2020, are due to be made imminently. Furthermore, the plaintiffs in *Pork* did not rely upon witness evidence and therefore were not instructed by the Court to simply supply further details as to any witnesses.

Defendants' final argument that an assessment of relevance with respect to the required production cannot occur until the amended complaints are filed strains credulity. There is no suggestion anywhere in the Opinion that the amended complaints will do anything other than bolster the detailed allegations supporting the ***existing*** claims of conspiracy. Defendants are well aware of the nature of the alleged conspiracy, and by their September 29, 2020 letters to each Defendant, Plaintiffs have already confirmed that the amended complaints "will maintain the same claims previously advanced in the Plaintiffs' prior complaints." Moreover, the *DPP Beef* and *Erbert & Gerbert's* Plaintiffs' existing complaints remain operative. Defendants thus face no obstacles in determining the relevance of the documents produced to the DOJ regarding Plaintiffs' claims. *See* Order re: Production of Information Produced to Grand Jury, *In re Lithium Ion Batteries Antitrust Litig.*, Case No. 13-md-02420, Docket No. 200 (N.D. Cal. May 21, 2013) (attached as Ex. M to *Cattle* ECF No. 219) (holding that the absence of an operative complaint did not preclude a relevance assessment and ordering production of documents previously produced to the DOJ prior to plaintiffs filing an amended complaint).

Nor can Defendants point to any additional burden that might justify the stay. Indeed, Defendants have no doubt already completed their relevance review given that three weeks have passed since the Court's September 10 Order and the small volume of documents at issue. September 4, 2020 Hearing Transcript at 32:12-14 (productions were "not a large volume of information").[3] Moreover, requiring Defendants to complete the production now, rather than after Plaintiffs file their amended complaints, as Defendants would have it, is a more efficient use of judicial and party resources. It makes no sense to require Plaintiffs to amend now, only to then immediately seek leave to file a further amended complaint to reflect the information the Defendants would then produce. Apart

---

[3]    Plaintiffs' September 29, 2020 letters to Defendants also offered to stipulate as to the confidentiality of these documents pursuant to the Protective Order to further reduce Defendants' burden.

Honorable Hildy Bowbeer
October 1, 2020
Page 4

from informing Plaintiffs' pleadings, the production will also assist the parties and the Court to make key determinations about how the case will proceed more generally.

For these reasons, Plaintiffs respectfully request that the Defendants' letter motion to suspend all discovery be denied. If the Court would find it helpful, Plaintiffs are available for oral argument on these letters.

Respectfully submitted,
SCOTT+SCOTT ATTORNEYS AT LAW LLP

/s Amanda F. Lawrence

Amanda Lawrence